Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorney for Plaintiff
RUDOLPH CHAVEZ

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| RUDOLPH CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ACCOUNT RECOVERY SERVICES, INC.<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

**COMPLAINT**

RUDOLPH CHAVEZ (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against ACCOUNT RECOVERY SERVICES, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the

loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the State of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the city of Peoria, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a corporation with a business office in Glendale, Arizona.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff at telephone number 623-486-5194 from telephone number 480-483-2190.

13. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered the phone.

14. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

15. Defendant communicated to third parties, Plaintiff's grandson, that Plaintiff allegedly owes a debt (See Exhibit "A").

16. Defendant did not send Plaintiff a debt validation letter.

17. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:
    a. Defendant violated §*1692b(2)* of the FDCPA by contacting third parties, Plaintiff's grandson, and communicating that Plaintiff owes the alleged debt.
    b. Defendant violated §*1692c(b)* of the FDCPA by communicating with Plaintiff's grandson concerning Plaintiff's alleged debt.
    c. Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

e. Defendant violated §*1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone.

f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication is from a debt collector.

g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by communicating with Plaintiff's grandson concerning Plaintiff's alleged debt.

h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

i. Defendant violated §1692*g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the

consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

j. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, RUDOLPH CHAVEZ, respectfully requests judgment be entered against Defendant, ACCOUNT RECOVERY SERVICES, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RUDOLPH CHAVEZ, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  April 17, 2009                KROHN & MOSS, LTD.

By: /s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, RUDOLPH CHAVEZ, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RUDOLPH CHAVEZ, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4-16-09            _____
                                          RUDOLPH CHAVEZ

- 5 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT A

COMPLAINT AND DEMAND FOR JURY TRIAL

On March 9, 2009 and March 19, 2009, I was contacted by Account Recovery Services and they disclosed the nature and existence of the alleged consumer debt relating to my grandfather, Rudolph Chavez.

Dated: April 16, 2009            *Matthew Chavez*

*Bernadette*

Both were present @ the Time of calls

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT B**

COMPLAINT AND DEMAND FOR JURY TRIAL

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES)  NO
2. Fear of answering the telephone — (YES)  NO
3. Nervousness — (YES)  NO
4. Fear of answering the door — (YES)  NO
5. Embarrassment when speaking with family or friends — (YES)  NO
6. Depressions (sad, anxious, or "empty" moods) — (YES)  NO
7. Chest pains — (YES)  NO
8. Feelings of hopelessness, pessimism — (YES)  NO
9. Feelings of guilt, worthlessness, helplessness — (YES)  NO
10. Appetite and/or weight loss or overeating and weight gain — (YES)  NO
11. Thoughts of death, suicide or suicide attempts — (YES)  NO
12. Restlessness or irritability — (YES)  NO
13. Headache, nausea, chronic pain or fatigue — (YES)  NO
14. Negative impact on my job — (YES)  NO
15. Negative impact on my relationships — (YES)  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _This has cause many Emotional & physical because of my Terminal Illness & Stress on my marriage_

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4-16-09

Signed Name: [signature]

Printed Name: Rudolp J Amo—